IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:05-cr-75-WSD |
| DREXEL LAMAR BERRY, | |

## ORDER

This matter is before the Court on Defendant Berry's Motion for Bond [21]. Defendant is charged as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). If convicted, Defendant's punishment may be enhanced under § 924(e) because of various felony offenses for which Defendant previously was convicted.

At his detention hearing, Magistrate Judge Hagy evaluated Defendant's request for bond in the context of 18 U.S.C. § 3142 (e), which provides a rebuttable presumption in favor of detention because Defendant faces a mandatory minimum period of incarceration of fifteen (15) years under § 924(e)(1). In considering the matters presented at the hearing, the Magistrate Judge concluded

there was sufficient evidence of Defendant's ties to the community to rebut the

presumption that Defendant was a flight risk.  However, the Magistrate Judge also

found that the evidence offered did not rebut the presumption that Defendant was a

continuing risk to the community, thus concluding that § 1342(c) required

Defendant to be detained.

Defendant now moves the Court to consider whether his continued detention

is appropriate.  Defendant argues he is not a flight risk and that his prior felony

offenses are sufficiently aged that they do not indicate that he is a current risk to the

community and thus the presumption of detention is rebutted on both the risk of

flight and risk to the community criteria.  The Court disagrees.  The Court has

reviewed Defendant's history of serious criminal behavior.  The conduct with

which Defendant currently is charged also is serious.  That he is charged with

possession of (i) a semi-automatic weapon, (ii) while sitting in the front seat of a

vehicle that was stopped during a traffic stop, and (iii) may have been pointing the

weapon at the law enforcement officer who conducted the stop, is (even without

the presumption) persuasive evidence that detention is appropriate.  In sum,

Defendant has a history of serious criminal behavior which imposes a risk to his

community and the charge he now faces indicates that the danger he presents is

significant and current.

Accordingly, and for the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Bond [21] is

**DENIED**.

**SO ORDERED**, this 18th day of November, 2005.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE